Edward L. **MARTINEZ,**
Plaintiff-Appellant/Cross-Appellee,

v.

**SCHOCK TRANSFER AND WARE-
HOUSE COMPANY, INC.,**
Defendant-Appellee/Cross-Appellant.

Nos. 85–1004, 85–1042.

United States Court of Appeals,
Tenth Circuit.

May 2, 1986.

David Graham of Lopez, Chavez & Graham, Taos, N.M. (Adele Graham of Graham

& Graham, San Luis, Colo., on briefs), for plaintiff-appellant/cross-appellee.

Donald B. Gentry of Grant, McHendrie, Haines & Crouse, Denver, Colo., for defendant-appellee/cross-appellant.

Before SEYMOUR, SETH and BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

■ This appeal involves an award of attorney fees to the plaintiff in a civil rights action in which the district court found that the plaintiff achieved limited success and awarded less than the amount requested. The plaintiff has appealed the award, arguing that the district court abused its discretion by reducing the amount requested. The defendant has cross-appealed, asserting that the award was not reduced enough. Because we find no abuse of discretion, we affirm.

Plaintiff's complaint alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981. Plaintiff sought $350,000 in damages. Following a jury trial on the § 1981 claims, judgment was entered against one of the defendants, appellee, for $7,821. The court entered judgment against plaintiff on his Title VII claim. Thereafter, plaintiff moved for attorney fees in the amount of $58,628 for more than 500 hours at rates between $75 and $140 per hour and requested that this amount be increased by a multiplier of 20 percent. The district court characterized the case as uncomplicated, concluded that the plaintiff's success was limited and then awarded attorney fees of $15,000 for 200 hours of time at $75 per hour.

A district court has the discretion to determine the amount of a fee award pursuant to 42 U.S.C. § 1988. In *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983), the Court emphasized that "[i]t remains important, however, for the district court to provide a concise but clear explanation of its reasons for the fee award." We think that the district court has done just that. It considered the factors enunciated in *Battle v. Anderson*, 614 F.2d 251, 258 (10th Cir.1980) and *Poolaw v. City of Anadarko*, 738 F.2d 364, 368 (10th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 784, 83 L.Ed.2d 779 (1984), reexamined the facts of the case, concluded that the case was not difficult and the success ·was limited, and reduced the amount requested by plaintiff for attorney fees. These findings appropriately explain the fee award. This reduced award is consistent with the Court's instruction in *Hensley* that "where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." 461 U.S. at 440, 103 S.Ct. at 1943. Where a plaintiff seeks both injunctive relief and substantial damages but wins only nominal damages, the award ordinarily should be reduced to account for the plaintiff's limited success. The district court did not abuse its discretion in determining that a $15,000 fee award was reasonable.

■ Both parties contend that the district court erred in denying discovery on the issue of attorney fees. The court determined "that further discovery would not be of any substantial assistance in resolving this issue. Accordingly, the numerous discovery motions will be denied...." Record vol. II at 269. As noted by the Court in *Hensley*, "[a] request for attorney's fees should not result in a second major litigation."* 461 U.S. at 437, 103

---

* We are aware that it has been common for the resolution of the attorney fees issue to develop into a case unto itself despite the Supreme Court's admonition. As one district court has observed:

> Motions for attorney's fees are consuming an increasing amount of court and attorney time because of the detailed scrutiny which *Ramos* requires. [*Ramos v. Lamm*, 713 F.2d 546 (10th Cir.1983)]. While such scrutiny may be justified in massive public interest lawsuits where large awards are contemplated, in uncomplicated cases which take little trial time the district court normally has a reasonably good idea of the amount of attorney's fees which will fairly compensate a party for the extent, quality and success of his lawyer's work.

*Gabaldon v. AAA Alarm Company, Inc.*, No. 81–1016–HB, slip op. at 3 (D.N.M. Dec. 2, 1983).

S.Ct. at 1941. Control of discovery is entrusted to the sound discretion of the trial courts, and a denial of a motion to compel discovery will not be disturbed absent abuse of discretion. *Smith v. Ford Motor Co.*, 626 F.2d 784, 794 (10th Cir.1980), *cert. denied*, 450 U.S. 918, 101 S.Ct. 1363, 67 L.Ed.2d 344 (1981). The district court's determination foreclosing discovery was appropriate in the circumstances presented by this case. After reviewing the record, we agree with the district court's conclusion that discovery on this issue would not be of assistance in resolving the issue and, consequently, find no abuse of discretion.

The judgment of the district court is affirmed.