946 F.2d 900
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 P. James CHURCH, Power Management Consultants Corporation, a
Nevada corporation, and P.J. Church Corporation, a
Nevada corporation, Plaintiffs-Appellees,
v.
PETROLOGIC PETROLEUM, LTD., a Canadian corporation,
Petrologic, Inc., a Colorado corporation, and
Robert K. Schader, Defendants-Appellants,
and
Georgetown Petroleum, Inc., a Colorado corporation,
Petrowest Corporation, a Colorado corporation, Rob Roy
Petro, Inc., a Colorado corporation, First American Energy,
Inc., a Colorado corporation, First American Enterprises,
Inc., a Colorado corporation, Thomas Patston, Denny
Galluzzo, Donald Snow, J.D. Drilling Company, a Ohio
corporation, Magnum Gas & Oil & Inc., a Colorado
corporation, Dean Witter Reynolds, Inc., a Delaware
corporation; Vada Ward, Phil Miani, Defendants.
 No. 87-1828.
 United States Court of Appeals, Tenth Circuit.
 Oct. 11, 1991.
 
 Before HOLLOWAY, STEPHEN H. ANDERSON and TACHA, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellants appeal an order of the district court denying their motion for attorneys' fees and denying their request to open discovery to determine if a Rule 11 violation occurred. On appeal, the appellants raise three issues. First, they contend that Local Rule 105A's time limit for filing motions for attorneys' fees does not apply to a request for sanctions in the form of attorneys' fees. Second, the appellants argue that the motion for attorneys' fees was sufficient and met the requirements of Rule 7(b)(1) of the Federal Rules of Civil Procedure. Finally, they assert that their request for discovery on the sanctions issue was proper. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Appellants contend that Local Rule 105A of the Local Rules of Practice for the District of Colorado should not apply to a motion for attorneys' fees made pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927. Rule 105A requires that any request for attorneys' fees must be filed no later than ten days after the entry of judgment. Appellants filed their motion for attorneys' fees thirty-one days after entry of the district court's order dismissing the action. Even though they learned of the conduct allegedly entitling them to attorneys' fees before the ten day period expired, the appellants failed to comply with the local rule. The United States Supreme Court has held that "the district courts remain free to adopt local rules establishing timeliness standards for the filing of claims for attorney's fees," White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 455 (1982), and in this circuit we have held that "controlling local rules, if any, must be complied with." Autorama Corp. v. Stewart, 802 F.2d 1284, 1286 (10th Cir.1986).
 
 
 4
 Despite the appellants' obvious noncompliance with Rule 105A, they contend that the local rule should not apply to a motion for attorneys' fees brought pursuant to Rule 11 of the Federal Rules of Civil Procedure. However, Rule 11 grants neither a specific nor a general exception to the timeliness requirements of local rules. Indeed, the Supreme Court has specifically stated that the district courts can establish timeliness standards for the filing of Rule 11 motions. See Cooter & Gell v. Hartmarx Corp., 110 S.Ct. 2447 (1990).
 
 
 5
 Furthermore, the district court in this case interpreted the local rule to include a Rule 11 motion. We give considerable deference to a district court's interpretation of a local rule and will not reverse the district court unless we are convinced that the district court misconstrued its own rule. See Smith v. Ford Motor Co., 626 F.2d 784 (10th Cir.1980), cert. denied, 450 U.S. 918 (1981). In this case, Rule 105A plainly requires that the filing of a motion for attorneys' fees occur within ten days after judgment. The rule's broad language provides no exceptions for a Rule 11 or a 28 U.S.C. § 1927 motion. Therefore, we are not convinced that the district court misconstrued its own rule.
 
 
 6
 Appellants also assert that, on its face, the motion for attorneys' fees was sufficient under Rule 7 of the Federal Rules of Civil Procedure. Rule 7(b)(1) requires that the grounds for a motion be stated "with particularity." In this case, the appellants' motion only made a general request for relief and failed to specify any factual basis whatsoever for that relief. Thus, the grounds for relief were not stated with particularity, and the appellants failed to comply with the requirements of Rule 7(b)(1).
 
 
 7
 Lastly, the appellants contend that the district court improperly denied their request to open discovery on the sanction issue. A determination of whether to open discovery is committed to the sound discretion of the district court and will not be reversed absent an abuse of discretion. See Martinez v. Schock Transfer and Warehouse Co., 789 F.2d 848, 850 (10th Cir.1986). After reviewing the record and because the appellants failed to comply with the local rule, we find that the district court correctly determined that discovery was not necessary in this case.
 
 
 8
 The order of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3