978 F.2d 1267
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gary Taylor KRUITBOSCH, Plaintiff-Appellant,
v.
Fred VAN DE VEIRE; Gary W. Deland; Van O. Austin, Dr.;
Bob Steele; Mike Jenson; Gary Fulkerson,
Defendants-Appellees.
 No. 91-4200.
 United States Court of Appeals, Tenth Circuit.
 Oct. 23, 1992.
 
 Before McKAY, Chief Judge, and BARRETT, Circuit Judge, and BRIMMER,* District Judge.
 ORDER AND JUDGMENT**
 McKAY, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals the district court's order of summary judgment in favor of Defendants.[1] Plaintiff is an inmate at the Central Utah Correctional Facility (CUCF) and he brought this action pursuant to 42 U.S.C. § 1983. On appeal, Plaintiff argues that the court erred in failing to appoint an attorney to represent him; that his rights were violated because he was not permitted an independent mental health examination at government expense; and that the district court erred because it failed to subpoena Plaintiff's medical records.
 
 
 3
 The district court ordered the Utah Department of Corrections to provide a report on the issues pursuant to Martinez v. Aaron, 570 F.2d 317 (10th Cir.1978). The government submitted the Martinez report, along with several supporting affidavits, to which Plaintiff responded. The district court, considering the pleadings, Martinez report, supporting affidavits, and Plaintiff's response, held that Plaintiff's response conceded the critical analytical facts and, so posturing the matter, granted summary judgment in favor of Defendants DeLand, Van Der Veur, and Jensen because Plaintiff did not allege personal involvement of those individuals. In addition, the district court held that Defendants had not been deliberately indifferent to Plaintiff's mental health needs.[2] We affirm.
 
 
 4
 We review the district court's grant of summary judgment de novo, applying the same standard used by the district court. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991). In addition, we must view the record in the light most favorable to the party opposing the summary judgment motion. Id.
 
 
 5
 Plaintiff complains that the district court erred in failing to appoint an attorney to represent him. " '[T]he district court has broad discretion to appoint counsel for indigents under 28 U.S.C. § 1915(d), and its denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights.' " Long v. Shillinger, 927 F.2d 525, 527 (10th Cir.1991) (quoting Maclin v. Freake, 650 F.2d 885, 886 (7th Cir.1981)). That standard is not met in this case and, therefore, we affirm the district court's refusal to appoint counsel.
 
 
 6
 Plaintiff also contends that the district court erred in not providing him with an independent mental examination, at government expense. As authorization for such action, Plaintiff points to Fed.R.Civ.P. 35(a). Rule 35(a) does not give the district court authority to order an independent mental examination at government expense. This situation is similar to an indigent plaintiff requesting the court to foot the bill for an expert witness. The Third Circuit has recognized that Congress has not made provision for payment of expert witness fees for indigent plaintiffs in civil actions. Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir.1987), cert. denied, 485 U.S. 991 (1988). Similarly, we find no error in the district court's finding that it has no authority to grant Plaintiff's request for a free independent psychiatric examination. Further, even if the district court were authorized to take such action, it would not have been error for it to decline to do so. The government has an obligation, stemming from the Eighth Amendment, "to provide medical care for those whom it is punishing by incarceration." Estelle v. Gamble, 429 U.S. 97, 103 (1976). This obligation includes psychological or psychiatric care. Ramos v. Lamm, 639 F.2d 559, 574 (10th Cir.1980), cert. denied, 450 U.S. 1041 (1981). In order to show that the government has run afoul of that obligation and, consequently, that a violation of Eighth Amendment rights has occurred, a prisoner must allege facts amounting to a deliberate indifference to serious medical needs. Estelle, 429 U.S. at 106; Ramos, 639 F.2d at 575. To the contrary, the record before us indicates that Plaintiff has been seen and evaluated several times by different physicians and counselors. Plaintiff merely disagrees with the opinions of the professionals who have evaluated him; "a mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment." Ramos, 639 F.2d at 575.
 
 
 7
 Finally, we find no evidence in the record before us that Plaintiff ever requested production of his medical records and, consequently, we fail to see how the district court erred in failing to order their production. Even if Plaintiff had requested production of his medical records, there was ample evidence before the district court that Plaintiff's medical needs had not been treated with deliberate indifference and it would not have been an abuse of discretion to refuse to order production of the medical records. See Martinez v. Schock Transfer & Warehouse Co., 789 F.2d 848, 850 (10th Cir.1986) (control of discovery is entrusted to sound discretion of trial courts, and denial of motion to compel discovery will not be disturbed absent abuse of discretion).[3]
 
 
 8
 The judgment of the United States District Court for the District of Utah is AFFIRMED.
 
 
 
 *
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 In filing this action, Plaintiff may have misspelled Defendants Van De Veire's and Jenson's names. Defendants' brief on appeal and the district court order apparently use the correct spellings, Van Der Veur and Jensen
 
 
 [2]
 The district court also held that Plaintiff had presented no facts to support his claims that Defendants violated his right to equal protection and his rights under the Ninth Amendment. Plaintiff makes no claim of such violations on appeal
 
 
 [3]
 Plaintiff does not dispute on appeal the district court's grant of summary judgment in favor of Defendants DeLand, Van Der Veur and Jensen for failure to allege personal involvement. We agree with the district court that Plaintiff has not alleged the necessary facts to establish supervisory liability for § 1983 purposes. See Meade v. Grubbs, 841 F.2d 1512, 1527-28 (10th Cir.1988)