982 F.2d 529
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 RESOLUTION TRUST CORPORATION, as Receiver for Sioux Valley
Savings and Loan Association, Plaintiff-Appellee,
v.
Robert J. KROGH, Defendant-Appellant.
 No. 91-1213.
 United States Court of Appeals, Tenth Circuit.
 Dec. 4, 1992.
 
 Before LOGAN and EBEL, Circuit Judges, and BARRETT, Senior Circuit Judge.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Robert J. Krogh appeals from the district court's denial of his motion for a new trial, or in the alternative to alter or amend judgment. The district court had granted judgment in favor of the Resolution Trust Corporation as receiver for Sioux Valley Savings and Loan Association on a promissory note it found had been signed by defendant. The district court's decision was based in part upon the unavailability of certain defenses raised by defendant under the Supreme Court's decision, D'Oench Duhme & Co., Inc. v. FDIC, 315 U.S. 447 (1942). Defendant asserted that the promissory note he gave to M.L. Properties, Inc., the original holder, was different from the note that M.L. Properties assigned to Sioux Valley Savings, purportedly signed by defendant. Hence he is asserting that the note he was sued upon was a forgery.
 
 
 3
 Defendant's arguments on appeal are that the court abused its discretion when it did not allow reopening of discovery to take the depositions of Martin List, who resided in Israel and later in California and had been president of M.L. Properties, and of Jack Odom, an officer of Sioux Valley Savings who was in prison.
 
 
 4
 The district court's order denying relief is based on its finding that defendant
 
 
 5
 never showed me good cause for believing that the testimony of either List or Odom would demonstrate that the note without the buy-back agreement was a forgery. Although List or Odom might have testified concerning the impropriety of the transaction between List and the bank, this was not the material issue here.
 
 
 6
 Appellant Appendix 96-97.
 
 
 7
 We review the denial of the reopening of discovery under an abuse of discretion standard. See Martinez v. Schock Transfer & Warehouse Co., 789 F.2d 848, 850 (10th Cir.1986). After reviewing the record we are satisfied that defendant made an insufficient showing that either List's or Odom's testimony would have aided his forgery defense.
 
 
 8
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3