36 F.3d 1105
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Larnell Lee DYKES, Plaintiff-Appellant,
v.
Mike HILL, Sheriff, Sedgwick County, Kansas; John Doe (1),
Administrator; John Doe (2), Processing Officer,
Defendants-Appellees.
 No. 94-3101.
 United States Court of Appeals, Tenth Circuit.
 Sept. 27, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Larnell L. Dykes appeals from an adverse summary judgment in his 42 U.S.C.1983 action against Mike Hill, the Sheriff of Sedgwick County, Kansas, and various unnamed officers of the Sedgwick County Adult Detention Facility. Dykes alleged in his complaint that the defendants violated his constitutional rights by confiscating certain clothing and other personal items, and legal documents. The complaint specifies a violation of the Fourth Amendment, Dykes' right to equal protection, and his right of access to the courts, for all of which Mr. Dykes seeks actual and punitive damages, and declaratory relief. We affirm.
 
 BACKGROUND
 
 3
 On September 4, 1991, Dykes, then an inmate at the Sedgwick County Adult Detention Facility, was transferred to the Kansas Department of Corrections. Two years later, on August 31, 1993, Dykes filed this action contending that at the time of transfer the defendants unlawfully confiscated certain clothing and other personal items; and, legal papers consisting of police reports, a victim's statement, a complaint/information, letters from his attorney, and forensic information/lab results on DNA testing used in Dykes' state court trial. With respect to the clothing and other personal items, Dykes alleges confiscation and that the items were not returned to him. With respect to the described legal documents, Dykes' complaint alleges that "the confiscation ..., resulted in him [Dykes] being denied use of these documents as part of the case record to petition/redress the state and federal courts for post-conviction remedy." Complaint at 3a.
 
 
 4
 The defendants moved for summary judgment. Their supporting affidavits deny any knowledge of the legal documents described by Dykes, and state that the articles of clothing and other personal items described by Dykes in his complaint were inventoried and packaged in Dykes' presence, and shipped to Beverly Cohens, the person designated by Dykes as the recipient. A copy of the inventory, signed by Dykes, is included in the affidavits, along with documentation showing that UPS picked up the box containing Dykes' inventoried property on September 5, 1991, and reciting the UPS shipping identification number. Finally, the affidavits state that the records of the facility do not show that the box was not delivered or that it was returned for any reason.
 
 
 5
 The following statement appears on the inventory form immediately above Dykes' signature:
 
 
 6
 I acknowledge that all the above articles which are to be released to the person indicated above have been packaged in my presence. The above is a correct inventory of all personal property being released by the Detention Facility to Property and Evidence. I certify that no item of value of my personal property has been lost, improperly confiscated, or destroyed by any officer of the Detention Facility. I acknowledge that, in accordance with Sedgwick County Resolution 206-1979 as amended by Section II, Dec. 14, 1983, if the above property is not claimed within six months it will be destroyed, donated to a Social Agency or sold at Auction and proceeds used to pay storage and handling costs. I will notify the above in writing to claim my above listed personal property.
 
 
 7
 R. doc. 11 at 17.
 
 
 8
 In response to the affidavits furnished by the defendants in support of their motion, Mr. Dykes filed the following counter-affidavit:
 
 AFFIDAVIT
 STATE OF KANSAS )
 BUTLER COUNTY ) ss:
 
 9
 Larnell Lee Dykes, being first duly sworn upon oath states:
 
 
 10
 1. That on September 4, 1991 I had possession of personal legal materials while in the Sedgwick County Detention Facility until they were confiscated during processing for transfer to Kansas Department of Corrections that date.
 
 
 11
 2. That the loss of my personal legal materials on September 4, 1991 is due to them being confiscated by the defendants.
 
 
 12
 3. That the defendants Mike Hill, Clifford Kohler and the transporting officers on September 4, 1991 are responsible for the safekeep, inventory and return of my personal legal materials in my possession on September 4, 1991.
 
 
 13
 Further Affiant saith not.
 
 
 14
 R. doc. 15 at 4.
 
 DISCUSSION
 
 15
 We review de novo the district court's grant of summary judgment, applying the same standard as the trial court employed under Fed.R.Civ.P. 56(c). Clemmons v. Bohannon, 956 F.2d 1523, 1525 (10th Cir.1992); Smith v. Maschner, 899 F.2d 940, 942 (10th Cir.1990). Summary judgment is appropriately rendered if the evidence demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c). "Affidavits and evidence offered by a nonmovant must create a genuine issue for trial; viewing the evidence in the light most favorable to the nonmovant, it is not enough that the evidence be merely colorable' or anything short of significantly probative,' " Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir.1991) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)), "because when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.' " Id. (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)); see also Anderson, 477 U.S. at 248-52.
 
 
 16
 The affidavits, inventory form, and shipping record submitted by the defendants with their affidavits, along with the affidavits themselves, are unrefuted in any material way by Dykes, and support the district court's summary dismissal of his claim as to those items. Dykes' basic argument in his brief to us is that the defendants failed to show that Ms. Cohens received the property which was shipped. The defendants have no such responsibility, and it is absurd on its face for Dykes to suggest that he addressed and shipped personal items to the addressee of his choice, but did not find out for two years whether or not the items had been received. In fact, Dykes does not even allege that they were not received. On the facts, Dykes' personal property claim is frivolous.
 
 
 17
 Furthermore, at most Dykes alleges nothing more than random, unauthorized negligent acts, for which state law remedies are available, thus foreclosing any action under 1983. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527, 538-39 (1981), overruled on other grounds; Daniels v. Williams, 474 U.S. 327, 328 (1986).
 
 
 18
 The parties affidavits directly contradict one another with respect to whether or not the defendants took Mr. Dykes' legal papers from him. However, that issue of fact, standing alone, is insufficient to overcome the defendants' motion for summary judgment. Merely submitting an admissible affidavit will not forestall the entry of summary judgment when the affidavit is not "significantly probative.' " Hall v. Bellmon, 935 F.2d at 1111 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).
 
 
 19
 Inmates are entitled to assistance in filing meaningful legal papers by the provision of adequate law libraries or adequate assistance from persons trained in the law. Bounds v. Smith, 430 U.S. 817, 828 (1977). We have held that any deliberate impediment to access, including even a delay of access, may constitute a constitutional deprivation of the right defined in Bounds v. Smith. However, we have also held that an inmate cannot establish a constitutional violation, or a genuine issue of fact, by an assertion in a vacuum of a denial of access. If a prisoner's claims do not involve denial of adequate law libraries or adequate assistance from persons trained in the law, the prisoner must allege and demonstrate some actual prejudice or injury with respect to his pursuit of his legal rights. See Twyman v. Crisp, 584 F.2d 352, 357 (10th Cir.1978); Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989).
 
 
 20
 Here, Dykes has failed to show or allege any specific instance in which he was denied access to the courts. He merely asserts that because some of his legal papers were taken from him in 1991 he was denied access to the courts thereafter. He does not show how or why he was unable to obtain replacement copies for the papers in question, or how or why they would have aided him in any specific way in seeking legal relief, or how or why he was prevented from filing a particular action seeking relief with respect to a specified legal right or claim.
 
 
 21
 In sum, Dykes' conclusory allegations, made two years after the event alleged, are insufficient to defeat a motion for summary judgment on the allegation that prison officers confiscated legal documents when Dykes was transferred from one facility to another. Having reached that conclusion, it is unnecessary for us to further analyze the deficiencies in Dykes' complaint, including the insufficiency of Sheriff Hill's personal involvement in the events alleged. Dykes' references to the Fourth Amendment and to equal protection claims are too insubstantial and unmeritorious to require comment.
 
 
 22
 Finally, Dykes argues that the district court abused its discretion by not allowing him discovery and appointing counsel. The district court has broad discretion as to the appointment of counsel, Long v. Shillinger, 927 F.2d 525, 527 (10th Cir.1991), and as to allowable discovery, Martinez v. Schock Transfer & Warehouse Con., 789 F.2d 848, 850 (10th Cir.1986). The record discloses no abuse of discretion on either point.
 
 
 23
 We have carefully reviewed all of Dykes' arguments on appeal and, for the reasons stated above, AFFIRM the judgment of the district court dismissing this action as to all defendants.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470