53 F.3d 342
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Marcus KESSEE, Plaintiff-Appellant,
v.
STATE of Oklahoma; Oklahoma County Sheriff Department;
J.D. Sharp; Virgil Neuenschwander, Major; Officer Keen,
Officer Loudenslager; Linda Lipscomb, Sgt., R.N.; Kathy
Lnuk, L.P.N.; Bill Lnuk; Officer Satterwhite; Reggie
Lnuk, Supervisor of Medical Unit; John Does, Unnamed
Employees of the Oklahoma County Jail, Defendants-Appellees.
 No. 94-621.
 United States Court of Appeals, Tenth Circuit.
 May 2, 1995.
 
 Before SEYMOUR, Chief Judge, MCKAY, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Marcus Kessee filed a 42 U.S.C.1983 and 1985(3) complaint against unnamed employees of the Oklahoma County Jail, the Oklahoma County Sheriff's Department and several members thereof, alleging constitutionally deficient medical care while confined at the Oklahoma County Jail. Ms. Kessee sues all defendants in their official capacity. The district court granted summary judgement in favor of the of defendants and denied Mr. Kessee's motion to compel discovery. Mr. Kessee appeals these rulings, and we affirm.
 
 
 3
 Mr. Kessee was confined at the Oklahoma County Jail from July 7, 1992 until February 25, 1993. During most of that time, he was a pretrial detainee.[2] On November 17, 1992, he complained of and was treated for nausea and vomiting. On more than 20 occasions thereafter, Mr. Kessee received medical care for similar complaints at the jail. On February 13, 1993, jail personnel transported him to Hillcrest Health Center because his abdominal pain persisted and became increasingly severe. On February 14, the doctors at Hillcrest diagnosed his condition as acute gastritis and peptic ulcer disease, gave him medication, and released him. When Mr. Kessee's problems persisted, the jail's medical staff again transported him to Hillcrest. On February 17, the Hillcrest doctors diagnosed and treated him for infected pancreatic pseudocyst. Through the course of this treatment, Oklahoma County paid close to $28,000 to outside medical providers for Mr. Kessee's treatment.
 
 
 4
 Mr. Kessee filed the instant complaint on March 1, 1993, alleging that the medical staff's failure to diagnose and treat his condition rendered the medical care constitutionally deficient. The district court referred the matter to the magistrate. A Martinez report was ordered, which included all of Mr. Kessee's medical records for the duration of his incarceration. Mr. Kessee then filed a motion to compel further discovery. The magistrate recommended denial of Mr. Kessee's motion to compel and the granting of judgment in favor of defendants.
 
 
 5
 Relying upon the magistrates' recommendation and report, the district court granted summary judgment for defendants and denied the motion to compel. Mr. Kessee appeals these two rulings. We affirm substantially for the reasons set forth in the magistrate's recommendation and report and adopted in the district court's order.
 
 
 6
 In addition, we review the district court's denial of Mr. Kessee's motion to compel for an abuse of discretion. Martinez v. Shock Transfer & Warehouse Co., 789 F.2d 848, 850 (10th Cir.1986). After a thorough review of the record, we conclude that these was no abuse of discretion and affirm.
 
 
 7
 We AFFIRM the district court's grant of summary judgement for defendants and denial of Mr. Kessee's motion to compel.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 It is unclear from the record whether Mr. Kessee's status changed from that of pretrial detainee to convictee during the period of incarceration