**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 28, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

FREEMAN BUCHANAN, III,

    Plaintiff - Appellant,

v.

CHRIS ELIOTT, a/k/a Chris
Elliott; SHANE SAMPSON;
ASHLEY ALDRICH; KALUP
PHILPS, a/k/a Kaleb Phillips,

    Defendants - Appellees.

No. 21-7014
(D.C. No. 6:19-CV-00029-RAW-SPS)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BACHARACH**, **BRISCOE**, and **ROSSMAN**, Circuit Judges.

_____

This appeal grew out of Mr. Freeman Buchanan, III's detention. In

the underlying action under 42 U.S.C. § 1983, Mr. Buchanan has sued

---

[*]     Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Chris Elliott, Ashley Aldrich, Shane Sampson, and Kalup Phillips[1] for

excessive force, denial of medical care, and tampering with mail.

To support his claim of excessive force, Mr. Buchanan wanted to use

a video from a stationary camera in the detention center. But the detention

center had a policy of overwriting the videos after fourteen days, so the

video of the incident here was automatically written over pursuant to that

policy.

After learning that the video recording was no longer available,

Mr. Buchanan moved three times for production of the video footage and

twice for appointment of counsel. The district court denied these motions.

The defendants then moved for summary judgment, and Mr. Buchanan did

not respond. The district court granted summary judgment to the

defendants, and this appeal followed.

I.      **The Defendants' Summary-Judgment Motions**

Our initial task is to interpret Mr. Buchanan's appeal brief. Because

he is pro se, we liberally construe that brief. *See, e.g.*, *Garrett v. Selby*

*Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). In his brief,

he appears to challenge only the denial of his motions for production and

appointment of counsel. But it's possible that Mr. Buchanan might have

---

[1]     The parties differ in how they spell the names of three of the
defendants. Where the parties differ, we use the defendants' spelling.

intended to appeal the grant of summary judgment. We liberally construe the appeal brief to consider this possibility. *See id.*

Mr. Buchanan said that he intended to appeal the "Court's notice of disposition on his summary judgment." Notice of Intent to Appeal (Apr. 15, 2021). In his appeal brief, he did not expressly address the summary-judgment ruling. But he did describe the video footage as "momentous" and questioned the district court's factual findings based on the inconsistencies between the video and the documents.

Even if Mr. Buchanan had intended to appeal the summary-judgment ruling, however, we would lack any basis to reverse. Each defendant presented undisputed facts, supported by evidence, which would have foreclosed liability for excessive force, denial of medical care, or tampering with the mail.

The local rule required Mr. Buchanan to respond to each asserted fact that he disputed. E.D. Local Civil Rule 56.1(c)–(d). Given this requirement, the failure to dispute an asserted fact permitted the district court to deem that fact "admitted." E.D. Local Civil Rule 56.1(e).

Despite these provisions in the local rules, Mr. Buchanan never responded to the summary-judgment motions. So the defendants moved for an order deeming their summary-judgment motions confessed. In the ensuing period of over four months, Mr. Buchanan still failed to respond to the summary-judgment motions.

3

In the absence of any dispute over the defendants' stated facts, the district court had no basis to deny summary judgment based on the prior video recordings or the overwriting of those videos. And on appeal, Mr. Buchanan has not said what the video would have shown. So even if Mr. Buchanan had intended to appeal the summary-judgment ruling, we would lack any basis to reverse.

## II. Mr. Buchanan's Motions for Production

When considering the denials of Mr. Buchanan's motions for production, we apply the abuse-of-discretion standard. *Martinez v. Schock Transfer & Warehouse Co.*, 789 F.2d 848, 850 (10th Cir. 1986). We conclude that the court acted within its discretion.

Mr. Buchanan labelled his first motion a "motion for subpoena" (spelling corrected). In the motion, Mr. Buchanan asked for production of the video footage rather than for issuance of a subpoena. The court denied the motion, explaining that Mr. Buchanan would need to seek production by following the procedures spelled out in the Federal Rules of Civil Procedure and the local rules.

Mr. Buchanan instead filed a second motion, again purporting to request subpoenas but actually requesting production of the video footage itself. The court again denied the motion, explaining again that Mr. Buchanan needed to seek production by complying with the federal and local rules.

After the close of discovery, Mr. Buchanan filed a third motion to produce the video footage, which the district court again denied on the same grounds.

These rulings fell within the district court's discretion. Mr. Buchanan was pro se, but even pro se litigants must follow the Federal Rules of Civil Procedure and the local rules. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994). These rules required Mr. Buchanan to serve the defendants with the discovery requests; those requests were not to be filed. *See* E.D. Okla. Local Civil Rule 26.1 (stating that document requests are not ordinarily to be filed). In these circumstances, the district court had the discretion to deny Mr. Buchanan's requests.

## III.  Mr. Buchanan's Motions for Appointment of Counsel

Mr. Buchanan moved not only for the video footage but also for appointment of counsel. The court could ask an attorney to represent Mr. Buchanan, but could not order acceptance of the case. *Rachel v. Troutt*, 820 F.3d 390, 396 (10th Cir. 2016). In deciding whether to request counsel, the district court was to consider the merits of the claims, their nature, the claimant's ability to present the claims, and their complexity. *Id.* at 397. The district court stated that it had considered these factors, and Mr. Buchanan has not pointed to any flaws in the court's consideration.

Mr. Buchanan instead argues that he could not present documentation to the district court because of a pandemic. But he does not provide any

5

specifics, and he did not tell the district court of his inability to provide supporting documents. Based on the information available to the district court, it had discretion to decline to seek counsel for Mr. Buchanan.

Affirmed.

Entered for the Court

Robert E. Bacharach
Circuit Judge