**Royal Russell LONG,**
**Plaintiff–Appellant,**

v.

**Duane SHILLINGER,**
**Defendant–Appellee.**

No. 89–8091.

United States Court of Appeals,
Tenth Circuit.

March 6, 1991.

Royal Russell Long, pro se.

Josephine T. Porter, Sr. Asst. Atty. Gen., Cheyenne, Wyo., for defendant-appellee.

Before ANDERSON, TACHA and BRORBY, Circuit Judges.

TACHA, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff, who is incarcerated in the Wyoming State Penitentiary, instituted this action against the warden seeking damages for the alleged violation of his civil rights, pursuant to 42 U.S.C. § 1983. Plaintiff alleged that the warden permitted Oklahoma to extradite plaintiff to stand trial on two kidnapping and two felony murder charges without affording him the process due under Wyoming's extradition act, Wyo. Stat. §§ 7–3–201 to –227. Plaintiff asserted that if he had been afforded the process due him under the extradition act, including the opportunity to file a writ of habeas corpus and have a hearing thereon, he could have presented evidence that would have prevented the extradition. He alleged that as a result of being denied the opportunity to prevent the extradition, he incurred attorney's fees in defense of the Oklahoma charges, as well as expenses for food while incarcerated in the county jail in Oklahoma.[1] In addition, plaintiff's life allegedly was put in jeopardy when an inmate with whom he was transported back to Wyoming tried to escape and momentarily acquired possession of an officer's weapon. Plaintiff sought compensatory damages for the attorney's fees and other expenses he incurred, as well as punitive damages in the amount of $10,000,000.

After the case was at issue, the district court ordered defendant to submit an affidavit setting forth his version of the events recited in the complaint, as well as all pertinent documentation concerning plaintiff's extradition to Oklahoma and subsequent return to Wyoming. After defendant complied with this order and plaintiff responded, the court ordered plaintiff to submit a more definite statement of his damages and documentation thereof. Defendant then filed a motion for summary judgment on the grounds that the eleventh amendment barred any claims against him in his official capacity, and he was entitled to qualified immunity from any claims against him in his personal capacity. Plaintiff filed responses to both the motion for summary judgment and the order for more definite statement.

Thereafter, on October 10, 1989, the district court entered an order denying defendant's motion for summary judgment and entering judgment in favor of plaintiff and against defendant in his official capacity. The court awarded plaintiff nominal damages of one dollar.

On October 21, 1989, plaintiff filed a second response to the order for more definite statement, as well as a motion to alter or amend the judgment pursuant to Fed.R. Civ.P. 59. Plaintiff asked the court to reconsider the award of nominal damages in light of the documentation of attorney's fees incurred in Oklahoma attached to his second response, and to award him damages in the amount of $150,230 for attorney's fees and $200,000 for pain and suffering. The district court denied plaintiff's motion on October 23, 1989, and this appeal followed.[2]

■ Plaintiff argues on appeal that the district court erred in not appointing coun-

---

1. The record shows that plaintiff was extradited to Oklahoma on or about August 8, 1985, and returned to Wyoming on or about December 20, 1985. In the interim, plaintiff stood trial on the Oklahoma charges. Plaintiff alleged, and defendant does not dispute, that he was granted a judgment of acquittal on all charges at the conclusion of the prosecution's case.

2. The only party taking an appeal from the district court's judgment is plaintiff; defendant has not appealed the entry of judgment against him in his official capacity.

sel to represent him[3] and in awarding him only nominal damages. "[T]he district court has broad discretion to appoint counsel for indigents under 28 U.S.C. § 1915(d), and its denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights." *Maclin v. Freake*, 650 F.2d 885, 886 (7th Cir.1981). In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims. *Id.* at 887–89. Based upon our review of the record on appeal, we conclude the district court did not abuse its discretion in refusing to appoint counsel for plaintiff under the circumstances of this case.

■ The basis of plaintiff's claim below was that he was transferred to Oklahoma to stand trial on charges without being advised of his right to file a petition for habeas corpus challenging the extradition and without having a hearing. Pursuant to Wyoming's extradition act, a prisoner shall not be extradited without first being informed of the request for extradition and the crime(s) charged, as well as the right to demand legal counsel. Furthermore, if the prisoner wants to test the legality of the extradition, he must be taken before a judge who shall fix a reasonable time for the prisoner to file a writ of habeas corpus and shall set the time and place for a hearing thereon. Wyo.Stat. § 7–3–210.

Although plaintiff was transferred to Oklahoma pursuant to the Interstate Agreement on Detainers Act, codified in Wyoming at Wyo.Stat. §§ 7–15–101 to –105, he still was entitled to the rights provided him under Wyoming's extradition act. *See Cuyler v. Adams*, 449 U.S. 433, 449–50, 101 S.Ct. 703, 712, 66 L.Ed.2d 641 (1981) (Interstate Agreement on Detainers Act does not require any prisoner transfer-

red thereunder to give up any preexisting state or federal right to challenge the transfer; failure to afford a prisoner any such preexisting right constitutes a violation of the Interstate Agreement on Detainers Act actionable under 42 U.S.C. § 1983).

■ Based on defendant's affidavit and the documentation he provided concerning plaintiff's extradition, the district court found that defendant violated plaintiff's due process rights prior to extradition. The court then had to determine whether defendant's violation of plaintiff's rights caused plaintiff any injury. *See Carey v. Piphus*, 435 U.S. 247, 262, 98 S.Ct. 1042, 1051, 55 L.Ed.2d 252 (1978) (actual injury may not be presumed to flow from a violation of procedural due process; it must be proven). The district court recited that it was "hard pressed to see how plaintiff was injured through the extradition process, including his somewhat eventful return to Wyoming." Rec.Vol. I, Doc. 23 at 6. We agree that plaintiff did not show any injury, though for a different reason than that stated by the district court. *See Ware v. Unified School Dist. No. 492*, 881 F.2d 906, 909 (10th Cir.1989) (we can affirm district court's decision on any ground for which there is support in the record), *modified in part, rehearing denied in part*, 902 F.2d 815 (10th Cir.1990).

Plaintiff contended he was injured because he would have been able to prevent the extradition if given due process. Specifically, he said he would have presented evidence to the court through a habeas corpus petition that he was not guilty of the crimes charged. The inquiry in a habeas proceeding concerning extradition is limited, however, to "(a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d)

---

**3.** Defendant argues on appeal that we should not consider plaintiff's argument with respect to the appointment of counsel because plaintiff did not request that counsel be appointed in the district court. The record on appeal, however, shows that plaintiff clearly requested that counsel be appointed in his "Affidavit in Support of Response to (Order Requiring Affidavit of Warden)." Rec.Vol. I, Doc. 15.

**528**

whether the petitioner is a fugitive." *Michigan v. Doran*, 439 U.S. 282, 289, 99 S.Ct. 530, 535, 58 L.Ed.2d 521 (1978); *see also Pfaff v. Wells*, 648 F.2d 689, 691–92 (10th Cir.1981). Any court reviewing a habeas petition filed by plaintiff would not have been able to consider plaintiff's evidence that he was not guilty of the crimes charged, since "the courts of the asylum state are bound to accept the demanding state's judicial determination . . . that probable cause exists." *Michigan v. Doran*, 439 U.S. at 290, 99 S.Ct. at 536; *see also Cuyler v. Adams*, 449 U.S. at 443 n. 11, 101 S.Ct. at 709 n. 11 ("The person being extradited has no right to challenge the facts surrounding the underlying crime . . . .").

Since plaintiff has not alleged that he could have prevented the extradition on one of the four grounds set forth in *Michigan v. Doran*, and since he could not, as a matter of law, have prevented the extradition by producing evidence that he was not guilty of the crimes charged, the extradition itself was justified, even though the procedures used to accomplish it were deficient. Under such circumstances, plaintiff cannot recover for any injury caused by the extradition; he can only recover for any injury, such as emotional distress, caused by the deprivation of due process itself. *See Carey v. Piphus*, 435 U.S. at 263, 98 S.Ct. at 1052.

The attorney's fees and other expenses plaintiff incurred in Oklahoma flowed from the extradition, not the deprivation of due process. Therefore, they are not recoverable. Likewise, any emotional distress plaintiff suffered as a result of having to defend against serious charges in Oklahoma or as a result of having his life allegedly put in jeopardy on the return trip to Wyoming also flowed from the extradition rather than the deprivation of due process itself.[4] Since plaintiff did not allege, much less prove, that he suffered any injury as a result of the deprivation of due process alone, he was entitled to receive only nominal damages on his claim. *See Zinermon v. Burch*, — U.S. ——, 110

S.Ct. 975, 983 n. 11, 108 L.Ed.2d 100 (1990); *Carey v. Piphus*, 435 U.S. at 266–67, 98 S.Ct. at 1054.

■ Plaintiff also argues on appeal that he was placed in solitary confinement on his return from Oklahoma without receiving due process. Although plaintiff mentioned that he was put in solitary confinement in his pleadings in the district court, he did not assert that his confinement was effected without due process. Therefore, to the extent plaintiff attempts to raise a separate claim on appeal based on his segregation, we will not consider it. *See Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir.1989) ("We will not consider on appeal those issues that were not raised in the district court.").

The judgment of the United States District Court for the District of Wyoming is AFFIRMED.

---

**4.** To the extent plaintiff sought to state a separate claim for relief arising out of the alleged threat to his life during the attempted escape of

his fellow inmate, he failed to do so; his claim was subject to dismissal under Fed.R.Civ.P. 12(b)(6).