958 F.2d 381
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joseph Lee WALKER, Plaintiff-Appellant,
v.
Brad YOUNG, Correctional Officer, Utah State Prison,
Defendant-Appellee.
 No. 91-4132.
 United States Court of Appeals, Tenth Circuit.
 March 17, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Joseph Lee Walker, pro se appellant, appeals from dismissal of his complaint by the United States District Court for the District of Utah. Mr. Walker alleges abuse of discretion in failing to appoint counsel and dismissing his civil rights complaint.
 
 FACTS
 
 3
 In November 1990, Mr. Walker, an inmate at the Utah State Prison, filed a grievance challenging the practice of allowing prison officers, in the place of prison medical personnel, to dispense prescribed medications to inmates. Mr. Walker alleges from December 1990 to January 1991 Officer Brad Young threatened to "get even" with Mr. Walker for filing the grievance. Mr. Walker claims to have suffered "emotional upset, outrage, resentment, mental distress, restlessness, fearfulness ... constantly [being] on edge and [paranoia]." In March 1991, Mr. Walker alleges he learned Officer Young told a fellow inmate that Mr. Walker was a snitch, in an alleged attempt to deter Mr. Walker from pursuing this grievance and to cause other inmates to murder him.
 
 
 4
 Mr. Walker filed a complaint seeking monetary damages and injunctive relief for an alleged violation of 42 U.S.C. § 1983 based on Officer Young's threats and name calling. This matter was referred to a magistrate judge. The district judge acted upon the magistrate judge's report and recommendation and dismissed Mr. Walker's damage claim pursuant to 28 U.S.C. § 1915(d). However, this order granted "[Mr. Walker] twenty (20) days [to] file an amended complaint ... limited to injunctive relief." Mr. Walker never filed an amended complaint. Consequently, the district judge dismissed Mr. Walker's action with prejudice. Mr. Walker appeals the dismissal of his damage and injunctive relief claims.
 
 ISSUES
 Mr. Walker raises two issues on appeal:
 
 5
 1. Did the district court abuse its discretion in denying appointed counsel?[1]
 
 
 6
 2. Did the district court abuse its discretion in dismissing Mr. Walker's claims for injunctive relief monetary damages?
 
 
 7
 We review both issues under an abuse of discretion standard. Long v. Shillinger, 927 F.2d 525, 526-27 (10th Cir.1991) (review of order denying appointment of counsel is for abuse of discretion); Yellen v. Cooper, 828 F.2d 1471, 1475 (10th Cir.1987) (dismissal of claims reviewed for abuse of discretion).
 
 I. Appointment of Counsel
 
 8
 In McCarthy v. Weinberg, 753 F.2d 836, 839 (10th Cir.1985), this court held that 28 U.S.C. § 1915(d) vests the district court with considerable discretion whether to appoint counsel. "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." Id. at 839. The factors to be considered by the district court in determining whether to appoint counsel include: "[T]he merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." Long, 927 F.2d at 527 (citing Maclin v. Freake, 650 F.2d 885, 887-89 (7th Cir.1981)).
 
 
 9
 Applying these factors, we hold Mr. Walker has not successfully demonstrated that his is an extreme case meriting an appointment of counsel. The district court correctly found Mr. Walker's underlying claim lacked merit. The factual issues raised are not numerous or complex. Mr. Walker alleged that because he filed a complaint Officer Young subsequently threatened him and told at least one inmate that Mr. Walker was a "snitch." The record reflects Mr. Walker possesses the faculties necessary to present his claims. Mr. Walker has presented articulate, well researched pleadings as well as various motions, a memorandum, an affidavit, and an appellate brief. Finally, the legal questions Mr. Walker poses are not complex. To the contrary, the legal principles governing this matter are straightforward. In view of this, we conclude the district court did not abuse its discretion by denying appointed counsel.
 
 II. Dismissal of Claims
 
 10
 Mr. Walker asserts the district court abused its discretion in dismissing his claim for injunctive relief. He claims he did not understand how to amend his complaint and the district court did not inform him of the deficiencies in his complaint. The district court's Order of June 5, 1991 explicitly informs Mr. Walker that his complaint must be amended to limit his claims to those for injunctive relief only. The Order then states that if an amended complaint is not filed within twenty days the ation will be dismissed with prejudice. Mr. Walker did not even attempt to comply with this order. As the Order expressly informs Mr. Walker, what he must do to preserve his claim, we hold the district court did not abuse its discretion by dismissing Mr. Walker's claim for failure to comply with its order. Mr. Walker does assert that the district court abused its discretion in dismissing his claim for monetary damages. A district court does not abuse its discretion in dismissing a claim as frivolous under 28 U.S.C. § 1915(d) if the claim "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 11
 To succeed in an action under 42 U.S.C. § 1983, a plaintiff must state a constitutional deprivation. Generally, verbal abuse is insufficient to state a constitutional deprivation. Collins v. Cundy, 603 F.2d 825, 827 (10th Cir.1979). In Collins, the plaintiff alleged that the sheriff laughed at him and threatened to hang him, and that the county attorney refused to mail his legal correspondence. Id. at 827. We held that "[v]erbal harassment or abuse of the sort alleged in this case is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." Id. at 827.
 
 
 12
 In this case, the district court found Mr. Walker's damage claim lacked an arguable basis in fact as he alleged no harm or injury. Mr. Walker alleges that Officer Young threatened him and labelled him a snitch. Mr. Walker characterizes those actions as retalitory in nature. However, Mr. Walker does not assert any harm or injury suffered as a consequence of those retalitory actions. Although Mr. Walker claims to have suffered various mental distresses, the district court was not persuaded Mr. Walker demonstrated sufficient harm to state a cause of action for damages.
 
 
 13
 We are convinced that the district court reasonably could have found that Mr. Walker's claim lacked an arguable basis in fact or law. Therefore, we hold that the district court did not abuse its discretion in dismissing Mr. Walker's complaint as frivolous.
 
 
 14
 Accordingly, on both issues raised on appeal, the district court's action is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 This issue was raised in the district court but not specifically addressed. Thus, it is not an issue raised for the first time on appeal