982 F.2d 528
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ruth COOPER, a single person, Plaintiff-Appellant,
v.
STATE OF KANSAS, Defendant-Appellee.
 No. 92-3166.
 United States Court of Appeals, Tenth Circuit.
 Dec. 18, 1992.
 
 Before McKAY, Chief Judge, and SEYMOUR and PAUL KELLY, Jr., Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Ruth Cooper commenced this action after various state court actions concerning the sale of her real property were decided adversely to her. See Cooper v. Re-Max Wyandotte County Real Estate, Inc., 736 P.2d 900 (Kan.1987). In her federal complaint, Ms. Cooper alleged that defendant, through its judiciary, violated her property and constitutional rights. Ms. Cooper requested monetary damages and injunctive relief. The district court dismissed the action holding that defendant was immune from suit, that Ms. Cooper could not relitigate state court issues in federal court, and that her claims were barred by the statute of limitations.
 
 
 3
 On appeal, Ms. Cooper argues that the district court should have converted defendant's motion to dismiss to one for summary judgment because defendant did not assert its Eleventh Amendment immunity defense until its motion to dismiss, and that in any event defendant is not immune. Ms. Cooper also contends the district court erred in denying her request for counsel, in taking judicial notice of her state court cases, and in applying a two-year statute of limitations.
 
 
 4
 We review de novo the court's ruling on a motion to dismiss. Morgan v. City of Rawlins, 792 F.2d 975, 978 (10th Cir.1986). The trial court dismissed all claims against the State of Kansas reasoning that Kansas is immune from suits for monetary damages under the Eleventh Amendment. "The [Eleventh Amendment] limitation deprives federal courts of any jurisdiction to entertain [claims by citizens of another state], and thus may be raised at any point in a proceeding." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 n. 8 (1984). In arguing that defendant is not entitled to Eleventh Amendment immunity, Ms. Cooper asserts that the United States Constitution only prohibits suits against a state by citizens of other states. She concludes that she may sue her own state. However, " 'an unconsenting state is immune from federal suits [for damages] brought by her own citizens as well as by citizens of other states.' " See id. at 100 (quoting Employees Dep't of Pub. Health & Welfare v. Department of Pub. Health & Welfare, 411 U.S. 279, 280 (1973). Kansas has not consented to be sued for damages in federal court in the situation presented here.
 
 
 5
 To the extent Ms. Cooper sought injunctive relief prohibiting defendant from denying her federal constitutional rights, defendant is not immune under the Eleventh Amendment. Id. at 102. However, to the extent Ms. Cooper sought to enjoin the state to provide her requested state relief, the Eleventh Amendment prevents her from doing so.
 
 
 6
 Ms. Cooper argues that the district court took improper notice of judgments entered in her state court cases. She states she should have been permitted to submit material refuting those judgments and showing that defendant denied her constitutional rights. Federal courts may take notice of proceedings in state courts if, as here, those proceedings were directly related to the federal action. St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir.1979). A federal court may not review a state court judgment, but must accept the judgment as correctly setting forth that state's law. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81, 85 (1984). The district court did not err by taking notice of the state court judgments.
 
 
 7
 Ms. Cooper contends that the district court should have applied the fifteen-year statute of limitations for real property. See Kan.Stat.Ann. § 60-507. This statute does not apply because the court could not review the state court's ruling on Ms. Cooper's property rights. The court had to apply the statute governing her federal action. In her complaint, Ms. Cooper alleged that defendant violated the United States Constitution. Such allegations are authorized to be brought in federal court under 42 U.S.C. § 1983. The two-year statute, see Kan.Stat.Ann. § 60-513(4), thus governs this action. See Wilson v. Garcia, 471 U.S. 261, 276 (1985).
 
 
 8
 Ms. Cooper argues that some of her claims are not untimely under the two-year statute of limitations. Even if not untimely, the claims are vague and conclusory and were properly dismissed. See Northington v. Jackson, 973 F.2d 1518, 1521 (10th Cir.1992).
 
 
 9
 Finally, Ms. Cooper argues that the district court improperly denied her motion for appointment of counsel. We review the district court's determination on whether to appoint counsel for an abuse of discretion. See Long v. Shillinger, 927 F.2d 525, 527 (10th Cir.1991). We find no abuse here.
 
 
 10
 Plaintiff's motion for certification of a question of state law is DENIED. The judgment of the United States District Court for the District of Kansas is AFFIRMED for substantially the reasons stated in its memorandum and order filed April 7, 1992.
 
 
 11
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3