**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 6 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RALPH C. DUKE,

      Plaintiff-Appellant,

v.

KATHLEEN M. HAWK, Director,
Federal Bureau of Prisons, officially
and individually; PATRICK
WHALEN, Warden, U.S. Penitentiary,
Florence, Colorado, officially and
individually; MR. GREGCO, Assistant
Warden, U.S. Penitentiary, Florence,
Colorado, officially and individually;
CAPTAIN HINES, U.S. Penitentiary,
Florence, Colorado, officially, and
John Does #1-25, U.S. Penitentiary,
Florence, Colorado (individually and
officially), et. al.,

      Defendants-Appellees.

No. 96-1503
(D.C. No. 96-S-1268)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

---

    [*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Ralph C. Duke is a federal inmate serving a sentence of life imprisonment at the United States Penitentiary at Lewisburg, Pennsylvania. In April 1996, Mr. Duke filed a *pro se* civil rights complaint pursuant to 28 U.S.C. §§ 1331, 1332(a)(1), 1346(b) (1994), and 42 U.S.C. § 1985 (1994). In an amended complaint filed in May 1996, Mr. Duke asserted the following additional authority for his lawsuit: (1) the Fifth Amendment; (2) the Eighth Amendment; (3) the Fourteenth Amendment; (4) 28 U.S.C. § 1361 (1994); and (5) 28 U.S.C. §§ 2201-2202 (1994). Contemporaneous with the filing of his original complaint, Mr. Duke filed a motion for appointment of counsel pursuant to 28 U.S.C. § 1915 (1994 & Supp. 1997).

Mr. Duke named as defendants in the amended complaint the director of the federal bureau of prisons, the warden of the United States Penitentiary at Florence, Colorado, and other federal officials. Mr. Duke alleged that while he

was an inmate at the United States Penitentiary in Florence, Colorado, he was assaulted and cut down the right side of his face. Mr. Duke claimed that after he was cut, he called for help but did not receive any immediate assistance because no guards were present. According to Mr. Duke, the prison was grossly understaffed on the day he was assaulted and the gross negligence of the prison authorities was the "sole main cause of [his] [i]njury." Mr. Duke sought compensatory damages in the amount of $25,000 per defendant, punitive damages in the amount of $100,000 per defendant, and declaratory relief.

On June 13, 1996, the district court ordered Mr. Duke to file a more definite statement alleging whether he had exhausted administrative remedies pursuant to the Bureau of Prisons Administrative Remedy Program, *see* 28 C.F.R. §§ 542.10-542.19 (1996), and pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 (1994). Mr. Duke responded to the court's order for a more definite statement, alleging he was not required to exhaust administrative remedies because he only sought monetary damages.

On October 1, 1996, the district court entered an order denying Mr. Duke's motion for appointment of counsel and dismissing Mr. Duke's amended complaint. The court dismissed Mr. Duke's claim pursuant to the Federal Tort

Claims Act for failure to exhaust administrative remedies. The court dismissed Mr. Duke's remaining claims pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous and for failure to state a claim upon which relief may be granted. Specifically, the district court determined: (1) Mr. Duke improperly asserted jurisdiction under 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1361; (2) Mr. Duke's claim for declaratory relief was improper because Mr. Duke alleged the defendants had already violated his rights and because Mr. Duke had other adequate remedies for his claims; (3) Mr. Duke failed to allege facts sufficient to state a claim under 42 U.S.C. § 1985; (4) Mr. Duke's claims under the Fifth and Fourteenth Amendments were subsumed into Mr. Duke's Eighth Amendment claim; and (5) Mr. Duke's Eighth Amendment claim failed because Mr. Duke did not allege the defendants acted with deliberate indifference.

## II. ANALYSIS

On appeal, Mr. Duke complains the district court failed to provide him with adequate and effective access to petition the court for redress. Specifically, Mr. Duke contends the court erred by failing to appoint counsel for him, by failing to inform him of the deficiencies in his complaint, and by failing to provide him with an opportunity to amend his complaint.

We first review Mr. Duke's complaint the trial court erred by failing to appoint counsel. It is well settled there is no constitutional right to counsel in civil cases. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Pursuant to 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." However, the district court has broad discretion to appoint counsel and "'its denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights.'" *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (quoting *Maclin v. Freake*, 650 F.2d 885, 886 (7th Cir. 1981)). In determining whether to appoint counsel pursuant to § 1915, the court should consider all relevant factors, including the merits of the plaintiff's claims, the nature of the factual issues raised in the claims, the plaintiff's ability to present his claims, and the complexity of the legal issues raised by the claims. *Id.* Having thoroughly reviewed the entire record in the present case, including Mr. Duke's complaint, we conclude the district court did not abuse its discretion in denying Mr. Duke appointed counsel.

We now turn to Mr. Duke's contention the trial court erred by failing to inform Mr. Duke of the deficiencies in his complaint and provide him with an opportunity to amend his complaint. In its October 1991 order of dismissal, the district court adequately informed Mr. Duke of the deficiencies in his complaint.

Although the court did not provide Mr. Duke with an opportunity to amend his complaint, Mr. Duke never sought leave to amend his complaint from the trial court. Thus, Mr. Duke's claim that the district court erred in failing to allow him to amend his complaint raises an issue with this court that was not raised before the district court. As a general rule, this court will not consider an issue on appeal that was not presented to the district court. *Walker v. Mathers (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992). Because we are aware of no good reason to depart from the general rule in the case at bar, we decline to review Mr. Duke's claim the district court erred in failing to permit him to amend his complaint.[1]

## IV.  CONCLUSION

Based upon the foregoing reasons, we affirm the October 1, 1996 order of the district court. Mr. Duke's appeal is hereby denied and dismissed.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge

---

[1] To the extent Mr. Duke contends the district court erred by failing to liberally construe his complaint, we find this contention lacks merit.