**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 2 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RUTHERFORD ROGERS,

   Plaintiff - Appellant,

  v.

FEDERAL BUREAU OF PRISONS;
UNITED STATES PAROLE
COMMISSION,

   Defendants - Appellees.

No. 03-1337
(D. Ct. No. 02-RB-1491 (MJW))
(D. Colo.)

**ORDER AND JUDGMENT***

Before **TACHA**, Chief Circuit Judge, **BRISCOE**, and **HARTZ**, Circuit Judges.

At the request of both parties, the appeal is submitted without oral argument. *See* Fed. R. App. P. 34(a)(1); 10th Cir. R. 34.1(G). Plaintiff-Appellant Rutherford Rogers brought several tort claims against Defendants-Appellants (Defendants) after he was found ineligible for parole. He seeks to recover $4500 in costs spent on his parole hearing. On appeal, Mr. Rogers challenges the District Court's order granting the Defendants' motion to dismiss under Federal

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Rules of Civil Procedure 12(b)(1) and 12(b)(6) and its refusal to appoint counsel. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and AFFIRM.

## I. BACKGROUND

Although the complaint is somewhat unclear, Mr. Rogers apparently asserts the following facts. In July 1999, he received a parole-application form, notifying him of the next United States Parole Commission hearing. He submitted the application and then paid a parole representative $4500 to represent him at the November 1999 hearing. In January 2000, the Parole Commission issued a notice of a parole action with a presumptive parole date. In March 2001, however, the Bureau of Prisons issued another parole action, voiding the hearing and the January 2000 notice of action because it found Mr. Rogers ineligible for parole.

Mr. Rogers filed an administrative tort claim with the Federal Bureau of Prisons, which issued a final denial of his tort action in February 2002. In August 2002, Mr. Rogers filed a pro se complaint in the Federal District Court for the District of Colorado, alleging that the Parole Commission and the Federal Bureau of Prisons violated his rights under the Eighth and Fourteenth Amendments to the Federal Constitution by depriving him of property in the form of the fees paid to his parole representative.

The District Court referred the matter to a magistrate judge, who recommended, in January 2003, that the District Court grant the Defendants'

motion to dismiss for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), and for failure to state a claim, Fed. R. Civ. P. 12(b)(6). In May 2003, the District Court approved and adopted the magistrate's recommendation, granting the Defendants' motion to dismiss the complaint in its entirety. In its order, the District Court stated that Mr. Rogers had not filed objections to the magistrate judge's recommendation when he had, in fact, filed them. Subsequently, Mr. Rogers filed both a Fed. R. Civ. P. 60(b) motion for relief from the judgment and a notice of appeal to this court.

In an order dated October 21, 2003, we issued a limited remand so the District Court could consider the Rule 60(b) motion. We further noted our intention to remand the entire matter if the District Court decided to grant the Rule 60(b) motion for the limited purpose of considering Mr. Rogers's objections to the magistrate judge's recommendation.

In February 2004, the District Court issued an order denying the motion and clarifying that it had considered Mr. Rogers's objections in conducting its previous de novo review of the merits. On appeal, Mr. Rogers asserts that his objections sufficiently allege jurisdiction and state a claim upon which relief can be granted and appeals the District Court's refusal to appoint him counsel.

## II. STANDARD OF REVIEW

The Defendants moved to dismiss Mr. Rogers's complaint under Federal

Rules of Civil Procedure 12(b)(1) and 12(b)(6). The magistrate judge's recommendation discusses both rules, so we presume the District Court relied on both of them in granting the Defendants' motion to dismiss.

"Rule 12(b)(1) motions generally take one of two forms." *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). "The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003). We review a district court's Rule 12(b)(1) dismissal for lack of subject matter jurisdiction de novo and "review findings of jurisdictional facts, if any, for clear error." *Id*. We also review a district court's dismissal under Rule 12(b)(6) de novo. *Colorado Envtl. Coalition v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004). Finally, in deciding whether to appoint counsel for an indigent litigant under 28 U.S.C. § 1915(e)(1), a district court has broad discretion. We will not reverse its decision unless the denial "would result in fundamental unfairness impinging on due process rights." *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (quotation omitted).

Because Mr. Rogers appears pro se, in determining whether his pleadings establish jurisdiction and state a recognized legal claim, we construe his pleadings

liberally and hold them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[T]his rule means that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.*

## III. DISCUSSION

### A. *Underlying Treatment of Mr. Rogers's Objections*

We need not discuss the magistrate judge's reasoning or conclusions in detail because Mr. Rogers does not challenge the District Court's decision to dismiss the case on any of the grounds discussed in the magistrate judge's recommendation. Instead, he argues the District Court failed to construe his pleadings liberally. He alleges that, under a liberal reading of his pleadings, his factual allegations support claims for relief under the Privacy Act, 5 U.S.C. § 552a, and the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80.

Mr. Rogers developed both of these legal theories initially in his objections to the magistrate judge's recommendation. Although theories raised for the first time in these objections are deemed waived, *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001), the District Court on remand said it considered Mr. Rogers's objections in reviewing the recommendation to grant the Defendants'

motion to dismiss. We need not decide whether the District Court's consideration of Mr. Rogers's claims operates as an exception to our waiver rule because, even if it does, his claims fail on the merits.

*B.*     *Privacy Act*

Mr. Rogers argues that the Defendants violated provisions in the Privacy Act that require federal agencies to maintain accurate individual records.     *See* 5 U.S.C. §§ 552a(e)(5), (g)(1)(C), (g)(4). Under the Act, an individual may sue a federal agency for damages "if the agency willfully or intentionally violates" the provision granting a private right of action for failure to maintain individual records in the appropriate manner.     [1] *Id.* §§ 552a(g)(1)(C), (g)(4). In order to establish a claim for damages under these provisions, Mr. Rogers must show:

> (1) he has been aggrieved by an adverse determination; (2) the agency failed to maintain his records with the degree of accuracy necessary to assure fairness in the determination; (3) the agency's reliance on the inaccurate records was the proximate cause of the adverse determination; and (4) the agency acted intentionally or willfully in failing to maintain accurate records.     *Gowan v. United States Dep't of Air Force*   , 148 F.3d 1182, 1192 (10th Cir. 1998) (alterations and quotations omitted).

---

[1] Section 552a(g)(1)(C) creates a private right of action and states, in part: "Whenever any agency . . . fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual . . . the individual may bring a civil action against the agency . . . ."

In asserting a Privacy Act claim, Mr. Rogers alleges that the Defendants willfully or intentionally maintained inaccurate records of his sentence. Because of this failure, he was placed on the Parole Commission's hearing docket and paid a parole representative $4500 even though his sentence was ineligible for parole.

Even under the most liberal reading of Mr. Rogers's factual allegations, we conclude that he has failed to state a claim under the Privacy Act. Mr. Rogers has clearly not alleged any "adverse determination" caused by the Defendants' alleged failure to maintain accurate records. The decision issued by the Bureau of Prisons, concluding he is ineligible for parole, may be an "adverse determination," *see Deters v. United States Parole Comm'n*, 85 F.3d 655, 659 (D.C. Cir. 1996), but inaccurate record keeping did not cause this determination—his legal ineligibility did. Under the most liberal reading of his pleadings, Mr. Rogers has therefore failed to state a Privacy Act claim.

C.    *Federal Tort Claims Act*

Based on the same facts, Mr. Rogers also attempts to sue the Defendants for negligence under the FTCA. But, as the magistrate judge's recommendation recognizes, Mr. Rogers's complaint suffers from two jurisdictional problems. First, the complaint contains only constitutional claims, which are not cognizable

under the Act's jurisdictional provision, 28 U.S.C. § 1346(b). [2] *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 477-78 (1994) (holding that a "constitutional tort claim is not 'cognizable' under § 1346(b) because it is not actionable under § 1346(b)"). Second, Mr. Rogers sued federal agencies, rather than the United States itself, which is the only proper defendant under § 1346(b)(1). *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001) ("The United States is the only proper defendant in an FTCA action.").

In his objections to the magistrate judge's recommendation, Mr. Rogers attempts to characterize his FTCA claim as one for negligence rather than constitutional violations. But even if we read his complaint to allege facts in support of a negligence action, Mr. Rogers fails to state an actionable claim. His apparent theory of negligence, although not fully developed, comes closest to negligent misrepresentation. He seems to suggest that the Defendants, in providing a parole application and hearing, breached a duty of care to provide accurate information regarding his eligibility for parole. And, in hiring a parole representative, he relied upon this false information to his financial detriment. *See Keller v. A.O. Smith Harvestore Prods., Inc.*, 819 P.2d 69, 71 & n.2 (Colo.

_____

[2] Section 1346(b) limits the federal government's liability to torts committed by its employees "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

1991) (providing the elements of negligent misrepresentation). On its face, however, the FTCA clearly bars a claim arising from misrepresentation. 28 U.S.C. § 2680(h). Thus, even under the most liberal reading of Mr. Rogers's pleadings, he has failed to state a claim upon which relief can be granted.

D.    *Appointment of Counsel*

Lastly, Mr. Rogers asserts that the District Court erred in denying his motions for appointment of counsel. In exercising its discretion to appoint counsel, "the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Long*, 927 F.2d at 527 . After independently reviewing the record on appeal, we conclude the District Court did not abuse its discretion in denying Mr. Rogers's motions for appointment of counsel.

## IV. CONCLUSION

For these reasons, we AFFIRM the District Court's dismissal of Mr. Rogers's complaint and its denial of his motions for appointment of counsel.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge