**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 15, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PAUL D. QUICK,

      Plaintiff-Appellee,

v.

LEE MANN,

      Defendant-Appellant.

No. 05-7102

(D.C. No. CIV-04-469-WH)
(E. D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore,

ordered submitted without oral argument.

Plaintiff Paul Quick, an Oklahoma state prisoner appearing pro se, appeals the

district court's dismissal of his 42 U.S.C. § 1983 civil rights action, as well as the district

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

court's denial of his motion for appointment of counsel. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I.

Quick is currently incarcerated at the Lawton Correctional Facility in Lawton, Oklahoma, serving time for kidnapping, rape in the first degree, rape in the second degree by instrumentation, forcible anal sodomy, shooting with intent to kill, and three counts of forcible oral sodomy. Quick initiated this action on October 19, 2004, by filing several motions, including a motion to proceed in forma pauperis and a motion for appointment of counsel. Quick was granted leave to proceed in forma pauperis and, on November 1, 2004, he filed a complaint pursuant to 42 U.S.C. § 1983 against defendant Lee Mann, who he described as a "Wardens Advisor" at the Oklahoma State Penitentiary in McAlester, Oklahoma. In his complaint, Quick alleged "unlawfull [sic] imprisonment" on his state convictions "with vindicatein [sic] evidence therein," and that "defendants staff comitted [sic] federal crimes to sircumvent [sic] due process rights" with regard to his state convictions. Thereafter, Quick filed numerous pleadings, some of which alleged that the Oklahoma Department of Corrections had issued a "separtee order" that deprived him of the right to reside in a cell, or otherwise have contact, with his son, who was a co-defendant in the underlying state criminal action. According to Quick, this "separtee order" prevented him from challenging his state convictions and pursuing his administrative remedies because he was classified as legally blind and was dependent

upon his son, who he described as his "sighted person."[1]  Quick's pleadings also alleged

that unnamed staff members at the prison had committed mail fraud and then attempted to

cover up the crime by seeking to have Quick murdered.

On April 18, 2005, defendant Mann moved to dismiss Quick's complaint on

various grounds, including that (a) Quick could not attack the validity of his state

convictions in a § 1983 civil rights action, (b) the allegations in Quick's complaint failed

to affirmatively link Mann to any constitutional violation, and (c) Quick's complaint

failed to allege a cause of action upon which relief could be granted pursuant to § 1983.

In his response to the motion to dismiss, Quick alleged that an Officer Pope had placed

him in danger by falsely informing other inmates that the crimes for which Quick was

serving time involved a child under the age of eighteen.  Quick also alleged that Officer

Pope told a law clerk not to stop at Quick's cell.

On September 19, 2005, the district court issued orders denying Quick's motion

for appointment of counsel and granting defendant Mann's motion to dismiss.  In

dismissing Quick's complaint, the district court concluded that, notwithstanding Quick's

blindness and alleged dependence on his son, Quick did not have a constitutional right to

be housed in a cell with his son.  The district court further concluded Quick had failed to

demonstrate that defendant Mann "was in any manner involved in the alleged plan to

endanger [Quick]'s life" or in the "alleged denial of access to a law clerk."  ROA, Doc.

---

[1]We note that, notwithstanding Quick's allegations, he submitted to the district
court copies of numerous grievances he filed with state corrections officials complaining
about his separation from his son.

67 at 3. The district court also found that "the [remaining] allegations in [Quick]'s complaint [we]re vague and conclusory" and "d[id] not rise to the level of a constitutional violation." Based upon these conclusions, the district court dismissed Quick's complaint pursuant to 28 U.S.C. § 1915(e) on the grounds that it "lack[ed] an arguable basis either in law or fact." Id. at 4.

II.

We review for abuse of discretion a district court's dismissal of a complaint pursuant to 28 U.S.C. § 1915(e). Fogle v. Pierson, 435 F.3d 1252, 1259 (10th Cir. 2006). "A district court may deem an in forma pauperis complaint frivolous only if it lacks an arguable basis either in law or in fact." Id. (internal quotation marks omitted). "In other words, dismissal is only appropriate for a claim based on an indisputably meritless legal theory . . . ." Id. (internal quotation marks omitted).

Applying that standard here, we conclude the district court did not abuse its discretion in dismissing Quick's complaint as frivolous. As noted by the district court, state prisoners such as Quick do not have a constitutional right to be housed with a cellmate of their choosing. Rather, corrections officials retain broad discretion over the administration of prisons, including housing in general and cell assignments in particular. See Bell v. Wolfish, 441 U.S. 520, 540 n.23 (1979). Thus, Quick's claims regarding prison officials' decision to keep him separated from his son fail to state a claim upon which relief can be granted under § 1983. As for Quick's remaining claims, we agree with the district court that they either fail to implicate Mann, the only defendant named in

Quick's complaint, or they are simply too vague and conclusory to state a claim upon which relief can be granted.

III.

That leaves only Quick's assertion that the district court erred in denying his motion for appointment of counsel. We review the denial of a motion for appointment of counsel under 28 U.S.C. § 1915(e)(1) for abuse of discretion. Long v. Shillinger, 927 F.2d 525, 527 (10th Cir. 1991). "In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." Id. Here, the record on appeal indicates that the district court reviewed these factors before denying Quick's request. Our own review of the record leads us to conclude there was no abuse of discretion on the part of the district court in this regard.

For the foregoing reasons, the judgment of the district court is AFFIRMED. We remind Quick of his continuing obligation to make partial payments of his filing fee. See 28 U.S.C. § 1915(b).

Entered for the Court

Mary Beck Briscoe
Circuit Judge