**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 6, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TERRY CULP,

      Plaintiff-Appellant,

v.

CAPTAIN DENO WILLIAMS; JOHN
DOE (1); JOHN DOE (2),

      Defendants-Appellees

WARDEN SUSAN JONES;
SARGENT JOSHUA ROBERTS;
LIEUTENANT HARY CAMPBELL,

      Defendants.

No. 11-1242
(D.C. No. 1:10-CV-00886-CMA-CBS)
(D. Colo.)

**ORDER**\*

Before **LUCERO**, **EBEL** and **GORSUCH**, Circuit Judges.

Plaintiff-Appellant Terry Culp, a pro se prisoner at the Colorado State

Penitentiary (CSP), appeals the district court's grant of summary judgment to

---

\* This Order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Defendant-Appellee Capt. Deno Williams, an officer at CSP, and dismissal of two John Doe defendants that Mr. Culp had named in his amended complaint. The district court concluded that Mr. Culp had failed to exhaust available administrative remedies before bringing his claim as required by the Prison Litigation Reform Act (PLRA), see 42 U.S.C. § 1997e(a), and also that Mr. Culp could no longer maintain the action against the unnamed defendants under the Federal Rules of Civil Procedure, see Fed. R. Civ. P. 10(a). The district court dismissed the action without prejudice and later denied Mr. Culp leave to proceed on appeal in forma pauperis (IFP), determining that an appeal could not be taken in good faith under Fed. R. App. P. 24(a)(3)(A). On appeal, Mr. Culp contends that he properly exhausted administrative remedies, that the district court erred in dismissing his complaint as to the John Doe defendants, and that the district court improperly denied his request for counsel. Mr. Culp also renews his application to proceed IFP in this Court. Because we find Mr. Culp's appeal to be frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), we DENY his request to proceed IFP and DISMISS this appeal.

On April 12, 2010, Mr. Culp brought suit against Mr. Williams and the two John Does, along with the prison warden and two other officers, under 42 U.S.C. § 1983, alleging a violation of his Eighth Amendment right to be free from cruel and unusual punishment in relation to an alleged forcible prison cell extraction on

Feb. 13, 2010. The district court dismissed the latter three parties for lack of personal participation—an order that Mr. Culp does not challenge—leaving Mr. Williams and the two John Does as the only remaining defendants. The magistrate judge also denied Mr. Culp's motion for appointment of counsel, having considered the appropriate factors and concluding that there was not an adequate basis on which to appoint counsel.

Mr. Williams then filed a motion to dismiss, arguing that Mr. Culp had failed to exhaust his administrative remedies prior to bringing suit. Because both of the parties had submitted materials outside the four corners of the complaint, the court converted Mr. Williams's motion to dismiss into a motion for summary judgment under Fed. R. Civ. P. 56, see Fed. R. Civ. P. 12(d); Wheeler v. Hurdman, 825 F.2d 257, 259-60 (10th Cir. 1987). After the district court rejected Mr. Culp's challenge to that conversion, the magistrate judge issued a recommendation that judgment be entered against Mr. Culp. The magistrate judge concluded that there was no genuine issue of material fact as to Mr. Culp's failure to exhaust the grievance procedures of the Colorado Department of Corrections before commencing his § 1983 action, such that all the defendants were entitled to judgment as a matter of law. The magistrate judge additionally noted that the John Doe defendants should be dismissed from the action because the Federal Rules of Civil Procedure did not permit such actions against unnamed

defendants following a suitable length of time for the plaintiff to identify the John Does.

On April 6, 2011, the district court adopted the magistrate judge's recommendation, determining that Mr. Culp had failed to exhaust administrative remedies and therefore granting summary judgment to all defendants on that ground. The court also held that dismissal was appropriate as to the John Does, discerning no excuse for Mr. Culp's failure to identify the unnamed defendants after more than a year into the case. Subsequently, the district court denied a motion by Mr. Culp to amend his complaint, deciding that said motion was really a motion for reconsideration under Fed. R. Civ. P. 59, and finding the motion to be meritless. The court also denied Mr. Culp leave to proceed IFP on appeal pursuant to 28 U.S.C. § 1915(a)(3), concluding that the appeal could not be taken in good faith because Mr. Culp had not generated a reasoned, non-frivolous argument on the law and facts in support of the issues raised on appeal.

Having reviewed Mr. Culp's appellate briefs along with the record in this case, we conclude that judgment was properly entered against Mr. Culp. For substantially the reasons stated in the district court's order and the magistrate judge's recommendation, we determine that Mr. Culp failed to exhaust administrative remedies prior to commencing his civil action, and that dismissal was also proper (although redundant in light of the judgment on failure to exhaust

grounds) as to the John Does in this instance. Mr. Culp's claims on appeal are not meaningfully distinct from those addressed by the district court and the magistrate judge. We therefore conclude that he has not raised non-frivolous argument on appeal. Also, with respect to the district court's refusal to appoint counsel for Mr. Culp, we determine that the magistrate judge properly considered the relevant considerations and did not abuse his discretion; we discern no fundamental unfairness resulting from the denial of appointed counsel in this civil case. See Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004); Long v. Shillinger, 927 F.2d 525, 527 (10th Cir. 1991).

For the reasons stated above, we DENY the motion to proceed IFP pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), though this appeal shall not count as a strike under 28 U.S.C. § 1915(g). Appeal DISMISSED.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge