30 F.3d 142
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Howard A. SCOTT, Plaintiff-Appellant,
v.
Katherine ORTEGA, Medtech at C.U.C.F. and Michelle Marhal,
Medtech at C.U.C.F., Defendants-Appellees.
 No. 93-4182.
 United States Court of Appeals, Tenth Circuit.
 July 14, 1994.
 
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 EBEL
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 Plaintiff-Appellant Howard A. Scott ("Scott"), an inmate at the Central Utah Correctional Facility ("CUCF"), filed suit for punitive damages and injunctive relief under 42 U.S.C.1983. He alleges that Defendants-Appellees Katherine Ortega and Michelle Marhal, individually and in their official capacities as medical technicians at CUCF, violated his Eighth Amendment right against cruel and unusual punishment by denying him medical treatment. The district court dismissed Scott's complaint as frivolous pursuant to 28 U.S.C.1915(d). Scott appeals the dismissal.
 
 
 3
 We review the court's dismissal for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Because Scott appears pro se, we construe his complaint liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).
 
 
 4
 Scott alleged that, on the evening of May 7, 1993, he experienced chest pain and requested that the officer in the control center inform the Appellees of his condition. According to Scott, Appellees never came to examine him. Prior to this incident, Scott had been prescribed medication for high blood pressure, heart ailments, and chest pain, which could be taken as needed to alleviate pain.
 
 
 5
 The district court held that Appellees' alleged failure to provide follow-up medical care on the night in question did not amount to deliberate indifference. Moreover, to have a cognizable claim, Scott had to allege lasting or serious injury resulting from the lack of care. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Scott failed to allege a lasting or serious injury. Accordingly, the district court dismissed Scott's complaint pursuant to 28 U.S.C.1915(d) as lacking any arguable basis in law or fact.
 
 
 6
 For the reasons set forth in the district court's opinion, we AFFIRM.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470