**UNITED STATES COURT OF APPEALS**

**Filed 5/31/96**

---

HOWARD A. SCOTT,          )
                                      )

        Plaintiff-Appellant,       )
                                      )

        v.                          )           No. 95-4153
                                      )    (D.C. No. 95-CV-706)

ROGER NELSON, Officer of Utah State   )       (D. Utah)
Prison for the Utah Department of Corrections,  )
                                      )

        Defendant-Appellee.      )

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON, BARRETT** and **LOGAN,** Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Howard A. Scott, an inmate in the Utah State Prison (USP) in Draper, Utah, filed this civil rights suit[1] against defendant Roger Nelson, a USP officer. The district court dismissed plaintiff's complaint pursuant to 28 U.S.C.§ 1915(d). We have reviewed the entire record and agree that plaintiff's allegations--that defendant made a racist comment to him and that after plaintiff complained to a prison official about the verbal harassment defendant called plaintiff a snitch--do not state a cognizable cause of action under the circumstances alleged in this complaint. We affirm for substantially the reasons the magistrate judge stated in the report and recommendation of August 14, 1995, adopted by the district court.

AFFIRMED.

The mandate shall issue forthwith.

Entered for the Court

James K. Logan
Circuit Judge

---

[1] Although plaintiff's complaint identifies the action as one under 42 U.S.C. § 1985, the magistrate judge properly construed it as an action under 42 U.S.C. § 1983.