**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 8 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HOWARD A. SCOTT,

      Plaintiff-Appellant,

v.

HANK GALETKA, Warden; WALLY
SHULSEN, DEPUTY WARDEN, Oquirrh;
DAN AZIS, Oquirrh One; PAUL GARDEN;
RICK CORSI, Oquirrh One; JODI SCOTT,
Oquirrh One; STEVE S. MINER; and BILLIE
CASPER,

      Defendants-Appellees.

No. 96-4163 &
(D.C. No. 95-CV-399)
(D. Utah)

HOWARD A. SCOTT,

      Plaintiff-Appellant,

v.

KENNETH WHITE, Officer,

      Defendant-Appellee.

No. 96-4203
(D.C. No. 95-CV-171-B)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

---

    [*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Appellant Howard A. Scott, a Utah state prison inmate, appeals the district court's dismissal of his civil rights complaint in No. 96-4163, and the district court's entry of summary judgment in favor of the defendant in No. 96-4203. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

Case No. 96-4163 involves a civil rights complaint filed by Mr. Scott on May 6, 1996. In his complaint, Mr. Scott alleges, *inter alia*, that the defendants violated his rights by improperly using "old write-up[s]" to wrongly classify him. By doing so, Mr. Scott claims the defendants engaged in racial discrimination and violated prison policy, his due process rights, the Utah Constitution, and the United States Constitution. Mr. Scott names the following defendants in his complaint: Warden Hank Galetka, Deputy Warden Wally Shulsen, Captain Dan Azis, Paul Garden, Rick Corsi, Jodi Scott, Steve S. Miner, and Billie Casper.

On June 5, 1996, the magistrate judge recommended dismissal of Mr. Scott's complaint pursuant to 28 U.S.C. § 1915(g) (1994). The magistrate judge determined Mr. Scott had filed eighteen previous complaints with the court (some of which were frivolous), and that § 1915(g) mandated dismissal of his current complaint because Mr. Scott made no allegation of "an imminent danger of serious physical injury." On September 18, 1996, the district court adopted the Magistrate Judge's recommendation and dismissed Mr. Scott's complaint.

On appeal, Mr. Scott again alleges the defendants have committed racial discrimination and have violated prison policy and his constitutional rights by using "old [w]rite-up[s]" against him. Mr. Scott alleges the district court did not properly review his case or apply the correct law. Furthermore, Mr. Scott claims the district court did not appoint counsel or give him an adequate opportunity to represent himself.

After thoroughly reviewing the record in No. 96-4163, we conclude the district court properly dismissed Mr. Scott's complaint. 28 U.S.C. § 1915(g) prohibits a prisoner from bringing a civil action "if the prisoner has, on 3 or more prior occasions, while incarcerated ... brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous ... unless the

-3-

prisoner is under imminent danger of serious physical injury." The provision applies to appeals dismissed prior to the enactment of the Prison Litigation Reform Act of 1996. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996). Here, Mr. Scott has filed at least three prior civil rights actions that have been dismissed as frivolous. *See Scott v. Nelson*, 1996 WL 287326 (10th Cir. May 31, 1996) (unpublished disposition); *Scott v. Ortega*, 1994 WL 363548 (10th Cir. July 14, 1994) (unpublished disposition)*; Scott v. Galetka*, No. 95-C-1078J (D. Utah 1995) (unpublished disposition).[1] Because Mr. Scott does not even allege in his complaint that he is under imminent danger of serious physical injury, the district court properly dismissed his complaint under § 1915(g).

Furthermore, the district court did not abuse its discretion in failing to appoint counsel for Mr. Scott. It is well settled there is no constitutional right to counsel in civil cases. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). "'[T]he district court has broad discretion to appoint counsel ... and its denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights.'" *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (quoting *Maclin v. Freake*, 650 F.2d 885, 886 (7th Cir. 1981)).

---

[1] Case No. 95-C-1078J is a different case than the instant *Scott v. Galetka*, which the Utah district court referenced as No. 96-C-399B.

Because we believe the allegations in Mr. Scott's complaint lack merit, the court's failure to appoint counsel was not erroneous.

Case No. 96-4203 involves a civil rights complaint filed by Mr. Scott against Officer Kenneth White. In his complaint, Mr. Scott alleges Officer White was deliberately indifferent to his medical needs and he subjected Mr. Scott to racial discrimination. Mr. Scott alleges Officer White refused to take him to the prison hospital, telling Mr. Scott he was "to[o] busy." According to Mr. Scott, Officer White "has refuse[d] the Plaintiff medical care because of the color of [his] skin." (*Id.*) Mr. Scott states he is a "half black jamaican man."

On May 29, 1996, the Magistrate Judge filed a Report and Recommendation, recommending that summary judgment be granted in Officer White's favor. The magistrate judge concluded Mr. Scott could not prevail on an Eighth Amendment claim because Mr. Scott failed to provide sufficient evidence to show Officer White was deliberately indifferent to his medical needs. Specifically, the magistrate judge found Mr. Scott had failed to demonstrate that "he had a serious medical need ... and ... Officer White knew of this need and disregarded it." The magistrate judge also determined Mr. Scott had alleged insufficient facts to support his claim of racial discrimination. On November 20,

1996, the district court entered an order adopting the Magistrate Judge's recommendation and granting summary judgment in favor of Officer White.

On appeal, Mr. Scott contends Officer White's failure to transport him to the prison infirmary violated his rights. However, we agree with the magistrate judge that Mr. Scott did not allege sufficient facts to state a claim for racial discrimination and Mr. Scott failed to produce sufficient evidence to prevail on an Eighth Amendment claim. Hence, for substantially the same reasons stated in the Magistrate Judge's Report and Recommendation of May 29, 1996, we affirm the district court's grant of summary judgment. A copy of the magistrate judge's Report and Recommendation is attached hereto.

Based upon the foregoing reasons, we **AFFIRM** the district court's dismissal of Mr. Scott's complaint in No. 96-4163, and the district court's grant of summary judgment in favor of Officer White in No. 96-4203.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge