UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

HENRY LEE GRIFFIN, JR.,

Plaintiff-Appellant,

v.

JOHN SUTHERS; RICHARD A.
SOARES; ROBERT L. TAYLOR;
DALE KUDLOCK; GARY K.
WATKINS; AL ESTEP; A. BLOOR;
JOE ORTIZ; LARRY E. REID;
OFFICER SIMPSON; D. MCCALL;
FRANCIS GAROUTTE; NANCY T.
BELL; MIKE WEBB; SGT.
BREIDENBACH,

Defendants-Appellees.

No. 05-1092
(D.C. No. 02-F-1464 (CBS))
(D. Colo.)

ORDER AND JUDGMENT  *

Before **LUCERO** , **ANDERSON** , and **BRORBY** , Circuit Judges.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Henry Lee Griffin, Jr., proceeding pro se, is an inmate with the Colorado Department of Corrections (CDOC). He filed this 42 U.S.C. § 1983 action alleging that, while incarcerated at the Limon Correctional Facility ("LCF") between 2000 and 2002, certain CDOC employees ("LCF defendants"[1]) violated his Eighth Amendment rights by subjecting him to drinking water contaminated with helicobacter pylori bacteria ("H. pylori") on three different occasions, and by failing to provide adequate medical treatment for conditions that he attributes to that exposure. In an amended complaint, he added a claim alleging that, while later incarcerated at the Colorado State Penitentiary, a second set of CDOC employees ("CSP defendants"[2]) violated his rights under the First Amendment and Colorado law by retaliating against him for filing this lawsuit against the LCF defendants.

---

[1]    The LCF defendants are John Suthers, Richard A. Soares, Robert L. Taylor, Dale Kudlock, Gary K. Watkins, Al Estep, and A. Bloor.

[2]    The CSP defendants are Joe Ortiz, Larry E. Reid, Officer Simpson, D. McCall, Frances Garoutte, Nancy T. Bell, Mike Webb, and Sergeant Breidenbach.

During the course of the litigation, the district court denied Griffin's motions for appointment of counsel and his motion for default judgment against the CSP defendants. The court also granted summary judgment to the LCF defendants based on Griffin's failure to provide any evidence that they acted with deliberate indifference to his medical problems. Griffin appeals from those rulings, and contends that the district court also erred by failing to rule on his motion for relief from the denial of his motion for default judgment against the CSP defendants. [3] Additionally, he has filed motions in this court for various injunctive relief and to proceed in forma pauperis. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we **GRANT** Griffin's motion to proceed in forma pauperis, **AFFIRM** the judgment of the district court, and **DENY** Griffin's other motions.

**I.**

---

[3]     Griffin's notice of appeal lists the district court's order granting summary judgment to the CSP defendants as one of the orders from which he appeals. In his opening brief, Griffin summarizes his claim against the CSP defendants, but does not identify or address any error in the order granting them summary judgment as an issue on appeal. Accordingly, any errors in that order are waived, and we will not review it. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994) (stating that failure to raise an issue in an opening brief results in waiver of that issue). We also note that the issue of qualified immunity is moot because the district court did not base either of its orders granting summary judgment on qualified immunity.

Griffin identifies five issues on appeal. The first two issues concern the district court's grant of summary judgment to the LCF defendants. " We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court." *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Simms*, 165 F.3d at 1326. The moving party must show the absence of a genuine issue of material fact. *Id.* "Once the movant carries this burden, the nonmovant cannot rest upon his or her pleadings, but must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which [he or she] carries the burden of proof." *Id.* (quotation marks and citations omitted). "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Because Griffin appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by

attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

Griffin's Eighth Amendment claim consists of two separate allegations: (1) that the LCF defendants exposed him to H. pylori through contaminated drinking water at the LCF; and (2) that the LCF defendants denied him adequate medical treatment. A prison official's deliberate indifference to either the safety of an inmate or an inmate's serious medical needs is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

The test for whether a prison official has violated an inmate's Eighth Amendment rights has an objective and subjective component. *Farmer*, 511 U.S. at 834. The objective component requires a deprivation that is "sufficiently serious." *Id.* (quotation omitted). The failure to ensure an inmate's safety is sufficiently serious if it exposes an inmate to "a substantial risk of serious harm." *Id.* A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) (quotation omitted).

The subjective component of the deliberate indifference test is satisfied if the defendant "knows of and disregards an excessive risk to inmate health or

safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. A defendant's knowledge of a substantial risk may be inferred from circumstantial evidence. *Id*. at 842.

With these principles in mind, we turn to Griffin's argument on appeal. In essence, he argues that, because there was conflicting evidence before the district court and additional evidence remained to be discovered, genuine issues of material fact precluded the entry of summary judgment. We conclude that Griffin did not present in the district court any disputed facts or identify any undiscovered evidence materially relevant to the subjective component of the deliberate indifference test.

Griffin first directs our attention to a number of affidavits he submitted to the district court that describe the medical problems he attributes to his exposure to H. pylori and the denial of treatment. He also contends that a December 27, 2002, test result required the LCF defendants to provide additional treatment because it showed that he had an H. pylori level of seven. This conflicts, he says, with the affidavit statement of Neil Lousberg, P.A., that the test "confirmed that the helicobacter pylori had been arrested," R., Vol. 1, Doc. 66, Ex. A-1, ¶ 6. Griffin argues that the district court improperly weighed P.A. Lousberg's affidavit against his own affidavits.

The facts that Griffin had continuing pain and a residual H. pylori level of seven in December, 2002, do not support an inference that the LCF defendants were deliberately indifferent to his medical needs, particularly in view of the statements in his complaint that his H. pylori level was fifty-eight in June 2000 and the evidence in the record that he received a variety of treatments for his infection and other complaints. Therefore, even assuming that his continued pain or the test result conflicts with P.A. Lousberg's statement, it does not raise a genuine issue of material fact concerning the subjective prong of the deliberate indifference test. Rather, the evidence establishes only that Griffin disputes the choice and effectiveness of the treatment the LCF defendants provided and P.A. Lousberg's medical judgment. This is insufficient to support an Eighth Amendment claim. *See Estelle*, 429 U.S. at 107 ("a matter for medical judgment [such as a] medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment"); *Ramos*, 639 F.2d at 575 (difference of opinion between inmate and prison medical staff regarding diagnosis or treatment does not itself state a constitutional violation).

Griffin points to other evidence, including affidavits from other inmates stating that they were treated for H. pylori while incarcerated at the LCF, and a response to a discovery request indicating that twenty-six LCF inmates had H. pylori between January 2000 and April 2002. He also argues that the

statement in P.A. Lousberg's affidavit, that it is possible Griffin had H. pylori before he arrived at the LCF, conflicts with Griffin's own affidavit stating that he was healthy when he arrived.  This evidence does not create a genuine issue of material fact relevant to the subjective prong of the deliberate indifference test. Even if the LCF defendants should have drawn an inference from these facts that a substantial risk of serious harm might exist in the drinking water, Griffin has offered nothing to show that they drew such an inference and disregarded it, as required for an Eighth Amendment claim of deliberate indifference, *see Farmer*, 511 U.S. at 837.

Additionally, Griffin argues that the alleged refusal by an official with the Colorado Department of Public Health and Environment ("CDPHE") to provide him with water-quality monthly tests for the LCF raises an inference that either monthly tests do not exist or the state granted water-quality waivers to the LCF. We fail to see where Griffin made this argument before the district court, and he points to no evidence in the record to support it.  Therefore, we do not consider it. *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992) (refusing to consider argument raised for first time on appeal); *United States v. Simons*, 129 F.3d 1386, 1388 (10th Cir. 1997) (conclusory allegations of non-movant do not suffice to meet burden on summary judgment).  His conclusory allegation that the CDPHE knew there was a water-quality problem at the LCF

likewise is insufficient to meet his burden on summary judgment. Finally, we fail to see the relevance of the statement made by the CDPHE official that H. pylori is not associated with known water-borne diseases, even if that statement is, as Griffin claims, erroneous.

In sum, none of the evidence Griffin points to creates a genuine issue of material fact concerning whether any of the LCF defendants were deliberately indifferent either to a substantial risk of serious harm contained in the LCF water supply or to his medical needs. Accordingly, we need not consider the objective component of his Eighth Amendment claim. We conclude that the district court did not err in granting summary judgment in favor of the LCF defendants because Griffin presented no evidence to support the subjective component of his Eighth Amendment claim, an element on which he has the burden of proof.

## II.

The remaining three issues Griffin raises involve various orders entered by the district court concerning his motions for appointment of counsel, default judgment, and relief from the denial of his motion for default judgment. We consider these orders in turn.

We review the denial of a motion for appointment of counsel under 28 U.S.C. § 1915(e)(1) for abuse of discretion. *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991). "In determining whether to appoint counsel, the district

court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Id.* The record here indicates that the court reviewed the relevant factors and did not abuse its discretion in denying Griffin's motions for appointment of counsel.

Despite the fact that the CSP defendants had not filed an answer to Griffin's amended supplemental prisoner complaint for nearly seven months, the district court granted the CSP defendants' oral motion for an enlargement of time in which to file their answer and denied Griffin's motions for default judgment as moot. "Decisions to enter judgment by default are committed to the district court's sound discretion, and our review is for abuse of discretion." *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997). A defendant may obtain an enlargement of time to file an answer by showing "excusable neglect." *See* Fed. R. Civ. P. 6(b)(2). Excusable neglect extends to inadvertent delays in filing. *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd. Partnership*, 507 U.S. 380, 391-92 (1993). Contrary to Griffin's argument, oral motions made at a hearing are permitted in lieu of written motions. *See* Fed. R. Civ. P. 7(b)(1). For substantially the same reasons as set forth in the magistrate judge's recommendation, filed October 1, 2004, which was accepted

and adopted by the district court on November 3, 2004, we conclude that the court did not abuse its discretion in denying Griffin's motions for default judgment.

It appears that the district court's order denying all pending motions as moot encompassed Griffin's motion for relief from the denial of his motions for default judgment. We conclude that the motion for relief was not moot because, had the district court reconsidered its previous order and agreed with Griffin, it would have entered default judgment against the CSP defendants and would not have reached the question of whether they were entitled to summary judgment. However, we find that this disposition did not prejudice Griffin because, as discussed above, the court properly denied the motions for default judgment.

## III.

Based on our conclusion that Griffin's Eighth Amendment claim lacks merit, we deny his motion for an order directing the provision of various medical tests. We treat his objection to the denial of his motion for an injunction directing the CSP defendants to mail his legal papers to this court as a motion for reconsideration and deny it; Griffin has not complained that the court failed to receive any of his legal papers pertinent to this appeal due to the acts of the CSP defendants. Finally, we grant his motion to proceed in forma pauperis based on our view that, although his appeal ultimately lacks merit, it is not frivolous.

## Conclusion

-11-

For the reasons stated above, we **GRANT** Griffin's motion to proceed in forma pauperis, **AFFIRM** the judgment of the district, and **DENY** his other pending motions.  We remind Griffin of his continuing obligation to make partial payments of his filing fee.  *See* 28 U.S.C. § 1915(b).

Entered for the Court

Stephen H. Anderson
Circuit Judge

-12-