FILED
United States Court of Appeals
Tenth Circuit

December 18, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HENRY LEE GRIFFIN, JR.,

     Plaintiff - Appellant,

v.

LARRY E. REID, individually and in
his official capacity; OFFICER
SIMPSON, individually and officially;
D. MCCALL, individually and
officially; SGT. BREIDNEBACH;
JOE ORTIZ, individually and in his
official capacity; FRANCES
GAROUTTE, individually and
officially; NANCY T. BELL; MIKE
WEBB,

     Defendants - Appellees.

No. 07-1240
(D.C. No. 02-cv-1464-PSF-CBS)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.[**]

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Plaintiff-Appellant Henry Lee Griffin, Jr., a state inmate appearing pro se, appeals the district court's denial of his motion for relief from judgment and subsequent motion to vacate. ROA Docs. 316, 319. On appeal, he argues that the district court (1) abused its discretion by declining to vacate all prior judgments, and (2) violated his Fourteenth Amendment due process rights by refusing to accept various medical tests. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

The parties are familiar with the facts and we need not restate them here, other than to say that Mr. Griffin brought a 42 U.S.C. § 1983 action alleging that while incarcerated at the Limon Correctional Facility, Colorado Department of Corrections officials violated his Eighth Amendment rights by exposing him to water contaminated with Helicobacter Pylori bacteria and by subsequently failing to provide adequate medical treatment. He also claimed a different group of officials retaliated against him while he was incarcerated at the Colorado State Penitentiary for suing the Limon prison officials. The district court granted summary judgment against Mr. Griffin on all claims, which we affirmed, Griffin v. Suthers, 156 F. App'x 66 (10th Cir. 2005), and the United States Supreme Court denied certiorari. Griffin v. Suthers, 127 S. Ct. 73 (2006). Mr. Griffin then filed an "Affidavit and Motion to Vacate All Judgements [sic] Pursuant to Fed. R. Civ. P. 60(b)(6)," which the district court denied. He subsequently moved to

have the district court's order vacated, which was also denied.  He appeals both summary orders.

We review a district court's denial of a Rule 60(b) motion for an abuse of discretion.  Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1289 (10th Cir. 2005).  We find no abuse of discretion here.  Essentially, Mr. Griffin argues he is entitled to Rule 60(b)(6) relief because Defendants-Appellees committed fraud upon the court by submitting false evidence.  We first note that claims of fraud upon the court fall under Rule 60(b)(3), not Rule 60(b)(6).  See United States v. Buck, 281 F.3d 1336, 1341 (10th Cir. 2002).  Under Rule 60(b)(3), his motion is time barred, as it was filed more than two years after entry of final judgment.  See Fed. R. Civ. P. 60(c)(1); see also The Tool Box, Inc. v. Ogden City Corp., 419 F.3d 1084, 1088 (10th Cir. 2005) ("[A]n appeal does not toll or extend the one-year time limit of Rule 60(b).").  Regardless, the motion simply lacks any colorable basis for a claim of fraud on the court because "[f]raud on the court . . . is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury."  Buck, 281 F.3d at 1342 (omission in original) (internal quotations omitted).  Mr. Griffin's allegations only involve the latter, and are really just another attempt to relitigate claims already rejected on appeal.  Finally, we reject Mr. Griffin's constitutional arguments as meritless and nothing more than a restatement of his Rule 60(b) arguments.

- 3 -

AFFIRMED.  All pending motions are DENIED.  We DENY Mr. Griffin's renewed motion to proceed without prepayment of the appellate filing fee and order immediate payment of any balance due.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge